# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3744
hmmooppan@jonesday.com

April 28, 2023

VIA CM/ECF

Patricia S. Dodszuweit, Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      Re:   *In re Bolivarian Republic of Venezuela*, No. 23-1687 (3d Cir.)

Dear Ms. Dodszuweit:

    I write on behalf of petitioners in the above-captioned matter, who are currently requesting a stay from this Court of the special master's participation in the underlying proceedings pending the resolution of their mandamus petition seeking his disqualification under 28 U.S.C. § 455. Yesterday, the district court denied petitioners' request for a stay. Attachment (Op.).

    The district court primarily based its denial on the premise that "statements" made by the special master's counsel "during the March 30, 2023 hearing" on petitioners' disqualification motion made "clear" that "the Special Master did not engage in any 'advocacy' … 'on behalf of any party.'" Op. 2-3. But as petitioners already have explained, these belated statements by counsel during oral argument cannot be considered evidence because, among other reasons, they were made *after* the district court closed the record, concluding that there was no material factual dispute and hence no need for an evidentiary hearing. Mot. 11; Reply 3-4. Thus, if reasonable people could suspect the special master had engaged in advocacy based on the record on the disqualification motion—which they obviously could—nothing said at oral argument could change that fact. Mot. 10-13; Reply 2-4.

    In any event, the special master's counsel effectively conceded at the hearing that his client had engaged in advocacy by extolling "the benefits of the orderly sale

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Patricia S. Dodszuweit, Clerk of Court
April 28, 2023
Page 2

process" to the Executive Branch. App. 12a; *see* Mot. 10; Reply 3. And before that, the special master and his counsel had confirmed that his objective was to provide the Executive Branch with the special master's "perspective on why OFAC cooperation with the Court's order is appropriate," and petitioners therefore had to be excluded from the meeting because their presence would "chill" the "advocacy component[]" of his presentation. App. 166a, 237a; *see* Mot. 10-12; Reply 3-4.

    For these and other reasons set forth in the stay motion and reply, petitioners respectfully request that this Court promptly grant their stay motion (including, if necessary, by granting a brief administrative stay while it considers the motion).

                                      Sincerely,

                                      */s/* Hashim M. Mooppan
                                      Hashim M. Mooppan
                                      *Counsel for CITGO Petroleum*
                                      *Corporation and PDV Holding, Inc.*

Enclosure

## CERTIFICATE OF SERVICE

I hereby certify that, on April 28, 2023, I filed the foregoing letter using this Court's CM/ECF system, which effected service on all parties.

Dated: April 28, 2023                                  /s/ Hashim M. Mooppan
                                                                                               Hashim M. Mooppan
                                                                                              *Counsel for CITGO Petroleum Corporation and PDV Holding, Inc.*

**Attachment:**
Memorandum Order, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-00151 (D. Del. Apr. 27, 2023)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., : | |
| Plaintiff, : | |
| v. : | Misc. No. 17-151-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, : | |
| Defendant. : | |

## MEMORANDUM ORDER

Pending before the Court is the motion (D.I. 540) of the Venezuela Parties to stay the Special Master's participation in these proceedings pending resolution of their mandamus petition (*see* D.I. 545).[1] The Court has received and reviewed the briefing filed in connection with the motion. (*See* D.I. 540, 546, 547, 548, 549, 550) Having done so, and for the reasons stated below, the motion (D.I. 540) is **DENIED**.

1. The Venezuela Parties ask the Court to issue a discretionary stay to prevent the Special Master's ongoing participation in this case until the Third Circuit has resolved their mandamus petition. (*See* D.I. 540 at 1-3) "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). To determine whether the Venezuela Parties are entitled to a stay pending resolution of their mandamus petition, the Court must consider four

---

[1] As used in this memorandum order, capitalized but undefined terms have the same meaning ascribed to them in the Sale Procedures Order. (*See* D.I. 481)

1

factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009). The first two factors are the "'most critical.'" *In re Citizens Bank, N.A.*, 15 F.4th 607, 616 (3d Cir. 2021) (quoting *Nken*, 556 U.S. at 434). "[I]f the movant does not make the requisite showings on either of these [first] two factors, the [] inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis." *In re Revel AC, Inc.*, 802 F.3d 558, 571 (3d Cir. 2015) (alterations in original).

2. The principal basis on which the Venezuela Parties believe they will persuade the Third Circuit to order this Court to disqualify the Special Master is his supposed *ex parte* advocacy. (*See, e.g.*, D.I. 540 at 2; *see also* D.I. 550 at 2-6 & n.1) "[A] sufficient degree of success for a strong showing exists if there is 'a reasonable chance, or probability, of winning.'" *In re Revel AC, Inc.*, 802 F.3d at 568-69 (quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc)).

For the reasons articulated in the Court's bench ruling on March 30, 2023 (D.I. 542 at 100-23; *see also* D.I. 544), the Venezuela Parties have not made a strong showing that they are likely to succeed on the merits of their mandamus petition. The Court remains of the view that the Venezuela Parties' recusal motion was untimely (*see* D.I. 544 at 2-7), their asserted bases for seeking disqualification of the Special Master are waived (*see id.* at 8), and their recusal motion fails on the merits (*see id.* at 2, 8-9). Moreover, as became clear during the pendency of the motion to disqualify, the Special Master did not engage in any "advocacy" before OFAC. (*See, e.g.*, D.I. 542 at 45 ("[W]e weren't advocating on behalf of any party, and we won't. . . . We

2

were simply making the point that in order to have the Court's order enforced, for the sale process to move forward, that we believed further guidance from the executive branch was absolutely critical to do that.")) The Venezuela Parties do not address the Special Master's statements during the March 30, 2023 hearing, which included that OFAC did not even attend the January 12, 2023 meeting. (*Compare* D.I. 542 at 10, 73 *with* D.I. 540 at 1-3 *and* D.I. 550 at 1-8) Particularly given their failure of proof before this Court on the merits of their motion, the Venezuela Parties have failed to show there is a reasonable chance (or even any serious question going to the merits) that they will prevail in their mandamus action to remove the Special Master.

3. Turning to the second factor, the Venezuela Parties assert that they will suffer irreparable injury absent a stay because they would be forced to "complete judicial proceedings overseen" by a "disqualified judicial officer," and because the Supplemental Report would be incurably tainted such that any recommendation the Court might adopt based on it would cause "severe and irreparable" consequences to "the recognized government of Venezuela." (*E.g.*, D.I. 540 at 2-3) The Venezuela Parties add in their reply that there will be irreparable harm to the public's confidence in an impartial judiciary if the Special Master were to continue to be involved in this case while the Third Circuit considers the mandamus petition. (D.I. 550 at 6) The Court disagrees.

A stay "applicant must 'demonstrate that irreparable injury is *likely* [not merely possible] in the absence of [a] [stay].'" *In re Revel AC, Inc.*, 802 F.3d at 569 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)) (alterations and emphasis in original). The Venezuela Parties have not shown that any of their asserted injuries are likely to occur in the absence of a stay; they have provided the Court with mere, and unpersuasive, speculation. Even if the

3

Venezuela Parties were correct that the Special Master should be disqualified (and they are not), they insist their concerns do not (as of now) extend to the undersigned Judge. (*See, e.g.*, D.I. 524 at 1-4; D.I. 533 at 1-4) In addition, as the Venezuela Parties know, any objections they may have to the Court proceeding in a manner consistent with whatever the Special Master's forthcoming report may recommend will be heard by the undersigned Judge before any decision as to how (and whether) to move forward with the sale process is made. Given these fundamental realities, the Court's refusal today to stay these proceedings until the Third Circuit resolves the Venezuela Parties' mandamus petition will not result in irreparable harm to the Venezuela Parties or undermine the public's confidence in the judiciary.

4.  Although the Court need not consider the final two factors, *see In re Revel AC, Inc.*, 802 F.3d at 571, they, too, disfavor the requested stay. As the Third Circuit has recognized, "Venezuela owes Crystallex from a judgment that has been affirmed in our courts. Any outcome where Crystallex is not paid means that Venezuela has avoided its obligations." *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 932 F.3d 126, 149 (3d Cir. 2019). Moreover, as this Court stated in denying a previous motion to stay filed by the Venezuela Parties, Crystallex was injured many years ago, and "has spent the ensuing years in multiple courts, and no doubt spent millions of dollars trying to recover what was wrongfully taken from it." (D.I. 257 at 7; *see also id.* at 6-7 ("[N]o sale of the property will close unless and until there is an OFAC license. So any harm from actual execution does not weigh into the calculation. Execution is effectively stayed as of today. So we're only talking about whether there is irreparable harm from the prefatory steps towards execution that will proceed in parallel with the Third Circuit appeal.")) The Sale Process Parties, including Crystallex, pay for the Special Master's fees, as well as the fees of his advisors, and a stay at this point would cause Crystallex to suffer additional delay and the Sale

4

Process Parties to incur additional costs. In these respects, the stay would substantially injure these interested parties. Finally, as this Court has previously held, the public interest "favor[s] enforcement of Crystallex's judgment which requires that the work of proceeding toward a sale of the PDVH shares be completed without further unnecessary delay." (D.I. 257 at 7)

April 27, 2023  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT COURT