# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Miguel A. Estrada
Direct: +1 202 955.8257
Fax: +1 202 530.9616
MEstrada@gibsondunn.com

May 2, 2023

VIA CM/ECF

Patricia S. Dodszuweit
Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: *In re Bolivarian Republic of Venezuela*, No. 23-1687, Response to 28(j) Letter

Dear Ms. Dodszuweit:

On April 27, the district court denied Venezuela's request for a stay pending the resolution of this proceeding. Doc. 30 ("Letter"), Attachment ("Op."). This Court should do the same.

As the district court recognized, the Special Master undercut Venezuela's key premise—that he engaged in advocacy at the January 12 meeting—when his counsel stated at oral argument that he had not "'advocat[ed] on behalf of any party,'" and had simply conveyed the need for "'further guidance from the executive branch.'" Op. 2-3.

Venezuela cannot avoid these statements by arguing that they came after the court purportedly "closed the record." Letter 1. To start, this Court is not limited to the record below in deciding a stay motion. *See* Fed. R. App. P. 8(a)(2)(B). Moreover, the district court never said the record was closed. Instead, it expressly asked the Special Master's counsel what happened at the meeting and invited Venezuela to respond. App. 9a:9-10a:18, 17:9-18. Regardless, the court "undoubtedly had the authority to reopen the record" at any time. *Ernst v. Child & Youth Servs.*, 108 F.3d 486, 499 (3d Cir. 1997). And Venezuela's stay motion, reply, and mandamus petition never argued the record was closed, *see* Letter 1 (citing only Mot. 11 and Reply 3-4), so Venezuela's argument is waived.

Accepting the Special Master's account—rather than Venezuela's "susp[icions]" based on cherry-picked, out-of-context snippets, Letter 1-2—was not clear error. As the Special Master contemporaneously explained, he only described the sale process's "benefits" to encourage the government to provide "clarity" on its position, which was the only "cooperation" he ever "advoca[ted]" for. Stay Opp. 10-11. The district court properly rejected Venezuela's attempt to twist those words.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

GIBSON DUNN

Patricia S. Dodszuweit
May 2, 2023
Page 2

Even if Venezuela's advocacy argument were not entirely baseless, the district court also denied a stay because Venezuela's disqualification motion was untimely and strategically delayed, its arguments were waived, it failed to show irreparable harm to either it or public confidence in the judiciary, the balance of harms favors Crystallex, and a stay is not in the public interest. Op. 2-3. These additional bases for denial are fatal for Venezuela's stay motion.

Respectfully submitted,


*/s/ Miguel A. Estrada*
    Miguel A. Estrada